United States District Court
District of Massachusetts

| | |
|---|---|
| FranCounsel Group, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Dessange International SA, et al.,<br><br>    Defendants. | Civil Action No.<br>12-11071-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This breach of contract and business tort action arose after defendants Dessange International SA ("Dessange") and DF Export ("DF") acquired several companies operating under the name of "Fantastic Sams" in 2012. Dessange and DF are French corporations headquartered in Paris and the Fantastic Sams entities ("Fantastic Sams") are Delaware corporations with principal places of business in Beverly, Massachusetts.

Plaintiff FranCounsel Group, LLC ("FranCounsel"), a closely-held Georgia corporation that advises clients on international business development matters, claims that it is entitled to compensation for introducing Dessange and DF to Fantastic Sams and facilitating their initial meetings. Plaintiff specifically alleges that Bachir Mihoubi ("Mihoubi"), FranCounsel's founder and principal, negotiated a contract with

- 1 -

Dessange and DF that promised FranCounsel 20% of the "entry fee" paid to Dessange and DF and 10% of the royalties collected during the first period of the contract in the event that FranCounsel's services "led to the conclusion of a business partnership." Plaintiff also alleges that Ken Kaplan, Fantastic Sams' General Counsel, repeatedly misled Mihoubi about the status of negotiations between Dessange and Fantastic Sams during numerous telephone conversations between 2009 and 2012.

FranCounsel sues Dessange and DF for breach of contract (Count I) and breach of the covenant of good faith and fair dealing (Count II) and Fantastic Sams for tortious interference with contract (Count VI). It also asserts claims against all defendants for unjust enrichment (Count III), misappropriation of trade secrets (Count IV), fraud (Count V) and violations of the Massachusetts Consumer Protection Act (Count VII).

In December, 2012, the defendants moved to dismiss for 1) lack of personal jurisdiction over Dessange and DF, 2) forum non conveniens, 3) failure to join Mihoubi as a necessary party and 4) failure to state a claim upon which relief can be granted. The Court referred the motion to Magistrate Judge Marianne B. Bowler who issued a Report and Recommendation ("R&R") recommending that the Court allow in its entirety the motion to dismiss.

Magistrate Judge Bowler specifically recommended that the Court allow the motion to dismiss for lack of personal jurisdiction over the French defendants and to dismiss the claims against all defendants on the basis of forum non conveniens. Her latter recommendation was conditioned, however, on a showing to be made by the defendants that Paris courts are likely to take no longer to resolve this case than this Court would. The R&R did not address the alternative grounds for dismissal for failure to state a claim and failure to join a necessary party.

Defendants and plaintiff filed timely objections to the R&R and plaintiff notified the Court that it was voluntarily dismissing its claims against Dessange and DF. As a result, the Court will reject as moot the Magistrate Judge's recommendation to dismiss Dessange and DF for lack of personal jurisdiction and consider whether the claims against the Fantastic Sams defendants should be dismissed for forum non conveniens or on other grounds.

**I.    Forum Non Conveniens**

The Court acknowledges Magistrate Judge Bowler's thoughtful and thorough analysis of the motion to dismiss on the grounds of forum non conveniens but declines to accept and adopt her conclusion or recommendation in that regard. In the relevant portion of her R&R, the Magistrate Judge considered plaintiff's

claims against the French and the Massachusetts defendants rather than focusing exclusively on the claims against the latter. Consequently, the Court cannot discern whether the Magistrate Judge's conclusions are meant to apply to the Fantastic Sams defendants that are located in Massachusetts.

Furthermore, the R&R deals primarily with the breach of contract claims against the French defendants in determining that dismissal of the entire case is warranted. For example, it is noted that 1) this Court lacks subpoena power over the French witnesses who would be required to testify about the contract and the circumstances under which it was negotiated and 2) the contract's forum selection clause requires that disputes are to be litigated in France.

Thus, much of the analysis of the Magistrate Judge is not pertinent to plaintiff's claims against the Fantastic Sams defendants which were not parties to the subject contract nor sued under it. The Court finds no evidence in the record that requiring those defendants to litigate in Massachusetts will result in "oppressiveness and vexation . . . out of all proportion to plaintiff's convenience." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 429 (2007) (citations omitted). Moreover, plaintiff's state tort claims against the same local defendants should not require any special expertise

in the French language or French laws that would make France a more appropriate forum. See id.

The Court will therefore sustain plaintiff's objection to the Magistrate Judge's forum non conveniens recommendation but on different grounds than those offered by plaintiff. It will overrule the defendants' objection to being required to show that Paris courts are likely to take less time than this Court to resolve the case because, by declining to accept and adopt the Magistrate Judge's recommendation, it will render that objection moot. Finally, the Court declines to consider whether the withdrawal of plaintiff's claims against Dessange and DF affects, in any way, plaintiff's obligation to join all necessary parties under Fed. R. Civ. P. 19 because the parties have not addressed that potential issue.

## II.   Other Grounds for Dismissing Claims against Fantastic Sams

Magistrate Judge Bowler did not consider in her R&R whether plaintiff's claims failed to join a necessary party or state a claim upon which relief can be granted. The Court will therefore briefly consider whether the claims against Fantastic Sams should be dismissed on either of those grounds.

### A.   Failure to Join Mihoubi

The Court may easily dispense with defendants' claim that Mihoubi was a necessary party under Fed. R. Civ. P. 19. Defendants lack any legal basis for asserting that the person

who allegedly negotiated a contract is a necessary party when the entity he or she represents sues to enforce that contract. Defendants' motion in that regard will be denied.

**B.   Failure to State a Claim Under Rule 12(b)(6)**

Defendants also move under Fed. R. 12(b)(6) to dismiss plaintiff's claims for unjust enrichment (Count III), misappropriation of trade secrets (Count IV), fraud (Count V), tortious interference with contract (Count VII), and violations of the Massachusetts Consumer Protection Act (Count VII) for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Yet "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of anything more than the mere possibility of misconduct. Id. at 679.

For the reasons that follow, the Court will allow defendant's motion to dismiss plaintiff's claims for unjust enrichment, misappropriation of trade secrets and tortious interference with contract. It will not, however, dismiss plaintiff's claims for fraud or for violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

### 1. Quantum Meruit (Count III)

The Court will dismiss Count III, plaintiff's quantum meruit claim, as barred by the Massachusetts Statute of Frauds. Under Massachusetts law, agreements to

> pay compensation for service as a broker or finder or for any service rendered in . . . negotiating the purchase, sale or exchange of a business, its good will, fixtures or an interest therein

must be in writing and signed by the party to be charged. M.G.L. c. 259, § 7. The statute defines the term "negotiating" to include

> identifying prospective parties, providing information concerning prospective parties, procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transactions.

Id.

The Statute of Frauds applies to this transaction and bars plaintiff's quantum meruit claim against Fantastic Sams. Mihoubi allegedly acted as a broker or finder by introducing the French and Massachusetts defendants and by facilitating their

initial meetings. The suggestion of plaintiff's principal officer that he was acting as an attorney and therefore qualifies for the exception for "contracts to pay compensation for professional services of an attorney-at-law," see id., is implausible because there is no evidence that Mr. Mihoubi was acting in his professional capacity as an attorney at that time. Consequently, the statute renders any oral agreement between Fantastic Sams and plaintiff unenforceable. Plaintiff does not allege that it had a written contract with Fantastic Sams or that Fantastic Sams was a party to the alleged written contract between plaintiff and the French defendants. At most, it had a contract implied in law or fact, and the statute expressly precludes equitable relief. See id. ("The provisions of this section shall apply to a contract implied in fact or in law to pay reasonable compensation . . . .").

### 2. Misappropriation of Trade Secrets (Count IV)

Plaintiff's Complaint alleges that Fantastic Sams and the other defendants misappropriated FranCounsel's trade secrets and specifically its

> client and customer lists, in-depth knowledge of the parties' respective businesses, and the means with which to coordinate meetings between French and American executives.

The crux of its complaint seems to be that its representative, Mihoubi, told Fantastic Sams about Dessange. Even if the Court

accepts all facts stated in the complaint as true, plaintiff has not stated a claim upon which relief can be granted.

To prevail on a misappropriation of trade secrets claim, a plaintiff must show 1) the existence of a trade secret, 2) reasonable steps to preserve secrecy and 3) use of improper means in breach of a confidential relationship to acquire and use the secret. Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1165 (1st Cir. 1994). The record contains no evidence of plaintiff taking reasonable steps to preserve secrecy. Instead, Mihoubi appears to have offered the subject information to Fantastic Sams gratuitously. Furthermore, while plaintiff may have expected to be compensated for that information in the event Fantastic Sams and Dessange reached an agreement, there is no evidence that Fantastic Sams used improper means to induce Mihoubi to identify Dessange.

### 3. Fraud (Count V)

Plaintiff's fraud claim against Fantastic Sams, on the other hand, states a claim upon which relief can be granted. The elements of Massachusetts common law fraud are 1) a false representation of a material fact, 2) with knowledge of its falsity, 3) for the purpose of inducing plaintiff to act thereon and 4) a showing that plaintiff relied upon the representation as true and acted upon it to his detriment. Livingstone Flomeh-

Mawutor v. Banknorth, N.A., 350 F. Supp. 2d 314, 317 (D. Mass. 2004).

The Complaint easily satisfies the first three prongs. Ken Kaplan, Fantastic Sams' General Counsel, is said to have repeatedly assured Mihoubi that nothing was happening between Dessange and Fantastic Sams during innumerable telephone conversations between 2009 and 2012 even though he later admitted that he had purposefully misled Mihoubi. The fourth prong presents a closer question. Mihoubi appears to have relied on Kaplan's misrepresentations but it is not entirely clear how he acted on those misrepresentations to plaintiff's detriment.

The record contains sufficient evidence, however, to withstand the motion to dismiss. Plaintiff alleges that, after Mihoubi learned that an arrangement had been consummated in 2012, Dessange blamed Mihoubi for failing to "intervene" on plaintiff's behalf and asserted that FranCounsel was "obligated to interface with Mr. Kaplan and Fantastic Sams if it wanted to be in the acquisition." The Court accepts plaintiff's account of the conversation for the purposes of the motion to dismiss and finds that plaintiff presents a plausible claim that it could have avoided incurring losses if it had been aware of the status of negotiations between Dessange and Fantastic Sams.

Under Massachusetts law, the proper measure of recovery for fraud under these circumstances is the "pecuniary loss actually suffered as a result of the misrepresentation, rather than the 'loss' claimed from disappointed expectation." Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 837 N.E.2d 1121, 1135-36 (Mass. 2005). As a result, plaintiff cannot collect the amount it claims to be owed under the contract with Dessange. That claim is, as defendants explain, "no more than a claim for breach of contract masquerading as fraud." Instead, plaintiff's recovery, if any, will be limited to costs it incurred in relying on Kaplan's assurances that nothing was happening between Dessange and Fantastic Sams. Plaintiff's failure to plead reliance damages with specificity is not fatal to its claim. See United Air Lines v. Gregory, 716 F. Supp. 2d 79, 87 (D. Mass. 2010) (explaining that Fed. R. Civ. P. 9(b) does not require particularity as to the damages element).

   **4.   Tortious Interference with Contract (Count VI)**

Plaintiff's tortious interference with contract claim against Fantastic Sams fails to state a claim.

Under Massachusetts law, a plaintiff claiming tortious interference must establish that

> 1) he had a contract with a third party, 2) the defendant knowingly induced the third party to break that contract, 3) the defendant's interference, in addition to being intentional, was improper in motive

or means and 4) the plaintiff was harmed by the defendant's actions.

Psy-Ed Corp. v. Klein, 947 N.E.2d 520, 536 (Mass. 2011).

Plaintiff's Complaint does not allege that Fantastic Sams knowingly induced Dessange, the third party, to break its contract with plaintiff.  Instead, it asserts that Fantastic Sams'

> intent in so interfering [with plaintiff's contract with Dessange] was to induce breach of the contract by [plaintiff] and/or otherwise disrupt the contractual relationship.

There is no evidence in the record that Fantastic Sams in any way induced or caused Dessange not to pay a fee to plaintiff. See Med. Air Tech. Corp. v. Marwan Inv., Inc., 303 F.3d 11, 22 (1st Cir. 2002) ("Without causation, there can be no claim for tortious interference . . . .").

### 5. Claim under Chapter 93A (Count VII)

Finally, plaintiff has adequately stated a claim under the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

Chapter 93A proscribes those engaged in trade or commerce from employing "unfair methods of competition and unfair or deceptive acts or practices" and authorizes businesses to sue one another for engaging in such practices. M.G.L. c. 93A, §§ 2, 11.  Whether a particular set of circumstances is unfair or deceptive under Chapter 93A is a question of fact. Incase, Inc. v. Timex Corp., 421 F. Supp. 2d 226, 239 (D. Mass. 2006).  In

the context of disputes among businesses, where both parties are sophisticated commercial players, the "objectionable conduct must attain a level of rascality that would raise an eyebrow to the rough and tumble of the world of commerce." Vision Graphics v. E.I. Dupont De Nemours, 41 F. Supp. 2d 93, 101 (D. Mass. 1999) (quoting Levings v. Forbes & Wallace, Inc., 396 N.E.2d 149, 153 (Mass. App. Ct. 1979)).  Yet even under the heightened standard governing business disputes,

> misrepresentations may be so seriously deceptive and harmful as to permit some recovery for the injury really caused by them. . . . Business strategy 'in the rough and tumble of the world of commerce' should not use conscious misrepresentation as a competitive weapon.

Zayre Corp. v. Computer Sys. of Am., Inc., 511 N.E.2d 23, 30 n.23 (Mass. App. Ct. 1987).

Here, plaintiff has alleged facts sufficient to state a plausible claim under Chapter 93A.  Plaintiff has alleged that Fantastic Sams' General Counsel made approximately 77 misrepresentations over the years in order to prevent plaintiff from asserting its rights under the contract with Dessange and did so to further Fantastic Sams' commercial interests. Fantastic Sams has no explanation in its memorandum or objection to the R&R for why such conduct is not actionable under Chapter 93A.

**ORDER**

In accordance with the foregoing,

1) Upon notice that plaintiff has withdrawn its claims against defendants Dessange International SA and DF Export, those claims are hereby **DISMISSED**;

2) Magistrate Judge Bowler's Report and Recommendation ("the R&R") (Docket No. 36) is, with respect to the motion of defendants Dessange International SA and DF Export to dismiss for lack of personal jurisdiction (Docket No. 19), **REJECTED AS MOOT**, but, with respect to the motion of all defendants to dismiss on the grounds of forum non conveniens (Docket No. 19), **REJECTED**;

3) plaintiff's objection to the R&R is, with respect to the recommendation to dismiss plaintiff's claims against Fantastic Sams for forum non conveniens, **REJECTED**;

4) defendants' objection to the R&R is, with respect to the recommendation to place conditions on a dismissal for forum non conveniens, **OVERRULED** because the case is not dismissed on those grounds; and

5) motion of defendants to dismiss (Docket No. 19) is, with respect to plaintiffs' claims for fraud and violations of Massachusetts General Laws Chapter 93A, **DENIED**, but is, in all other respects, **ALLOWED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated September 30, 2013